■ In the Matter of WILLIAM GOLDMAN, Petitioner, v PAUL A. CROTTY, as Commissioner of Finance of the City of New York, Respondent.—Determination of respondent, Commissioner of Finance of the City of New York, dated May 20, 1985, assessing petitioner for New York City unincorporated business tax deficiencies in the amount of $142,975, inclusive of interest, for the tax years ending December 31, 1972 through December 31, 1977, confirmed, without costs or disbursements.

On review of the entire record, we find substantial evidence to support the Commissioner's determination that, for each of the tax years in question, petitioner, a professional writer, novelist and screenwriter, was an independent contractor with respect to services rendered as a screenwriter and, therefore, was subject to New York City's unincorporated business tax. Concededly, William Goldman is a most successful screenwriter. This proceeding concerns revenues from eight of his screenplays: "The Hot Rock", "The Stepford Wives", "The Princess Bride", "Marathon Man", "All The President's Men", "Harper", "A Bridge Too Far" and "Magic", from which petitioner received substantial income of approximately $2.4 million. For each of the tax years involved in this proceeding, except 1972, petitioner, on his Federal and State income tax returns, treated his income and expenses as that resulting from the conduct of a business. Each year, he reported substantial income and expenses as business income on a schedule C ("Profit or [Loss] From Business or Profession"), with offsetting deductions for normal business expenses. Only for the tax year 1972 did he report this screenplay income as wages.

Contrary to the view expressed by our dissenting colleague,

the fact that petitioner, for whatever personal reason elected to report his 1972 income as wages and not as profit or loss from a business or profession, is not dispositive. His business operation essentially remained the same throughout the period of time and the same business-type expenses were deducted each year, including 1972. Thus, in his 1972 Federal income tax return, there are substantial deductions for depreciation on furniture and fixtures, lodging, commissions and rent, reflecting the carrying on of a business, not expenses incidental to an employment relationship (cf. Matter of Zacher v Michael, 98 AD2d 681, affd 64 NY2d 686).

Bearing in mind the court's limited function in reviewing an administrative determination, we find sufficient support in the record for the conclusion that petitioner did not sustain his burden of establishing that the income was derived from the rendition of services as an employee. Plainly, this was income from the conduct of a business, regularly carried on, without significant change, during each of the tax years in question.

Contrary to the dissent's conclusion, in our view, form should not prevail over substance. Concur—Ross, Kassal, Rosenberger and Wallach, JJ.

Kupferman, J. P., dissents in part in a memorandum as follows: The issue is whether the petitioner, a well-known novelist and screenwriter, residing in New York City, was an independent contractor or an employee with respect to services rendered by him as a writer for the screen.

If an independent contractor, then he was subject to, during the six years under review, 1972 to 1977, the New York City unincorporated business tax.

The facts that the contracts under which the screenplays were written were short term and that he received substantial compensation are not, in my opinion, determinative. "It is the total situation that controls." (Bartels v Birmingham, 332 US 126, 130.) His income was reported on W-2 forms issued by the producers, except in one instance, and, in all instances, the producers withheld income taxes and Social Security taxes, undoubtedly, pursuant to the Writers' Guild basic agreement. If the totality be considered, petitioner was an employee.

The contracts provided for the services to be rendered under the control and direction of the producers. It is conceded that, with respect to his income from novels, the petitioner was, indeed, an independent contractor.

However, in my view, there is a determining factor and that

is the filing by the petitioner in his Federal return, using schedule C, providing for "profit or loss from business or profession" and then deducting business expenses. Similarly, he utilized schedule SE to calculate Social Security self-employment tax. This was done for the years 1973 to 1977. In 1972, the screenplay income was reported under wages, and, therefore, would not be income under this approach.

Accordingly, I dissent in part and would exclude 1972 income.

A person outstanding in his or her field, as the petitioner is, who will seldom be corrected or dictated to, can, nonetheless, be an employee. The Justices of this court, who are substantially independent-minded, are still employees of the State of New York.